T. J. HANES *v*. PLANTERS' COTTON-PRESS, STORAGE, AND TRANSFER ASSOCIATION.

BOND. *Several obligations.* *Separate recoveries.*

    Separate recoveries cannot be had, in different actions, upon the several obligations of a bond.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

The plaintiff in error brought an action against the Planters' Cotton-Press, Storage, and Transfer Association and John A. Klein and W. A. Fairchild, upon a bond reciting the following conditions:

"The condition of the above is such that, whereas, in a case pending in the Chancery Court of Warren County, wherein said Planters' Cotton-Press, Storage, and Transfer Association was complainant, and Milton Coates, cotton-weigher of the city of Vicksburg, was defendant, a decree was rendered, on the 14th day of January, 1874, in favor of said Milton Coates, and, conceiving themselves aggrieved thereby, said Planters' Cotton-Press, Storage, and Transfer Association prayed for and obtained an appeal therefrom, to our Supreme Court, to operate as a *supersedeas* upon the execution of a bond, and, said suit having been revived against Thos. J. Hanes, as successor in the office of city cotton-weigher to said Milton Coates; now, therefore, if the said Planters' Cotton-Press, Storage, and Transfer Association shall prosecute said appeal with effect, or, failing therein, shall pay and satisfy, and in all things observe, abide, and perform, the said decree of the said Chancery Court of Warren County rendered in said cause, and also such final decree as may be made in said cause, and all damages and costs which have accrued, or may accrue, if the same be affirmed, then this obligation to be void; otherwise, to be and remain in full force and virtue.

                    "J. J. COWAN, Pres't. [*Seal.*]
                    "J. A. KLEIN.      [*Seal.*]
                    "W. A. FAIRCHILD.  [*Seal.*]"

The decree of the Chancery Court referred to in the bond

was affirmed in the Supreme Court, and a decree entered there against the appellant, and the sureties on the above bond, for the costs.   The complainant in the chancery suit had obtained an injunction, after giving bond, restraining the defendant, Coates, from interfering with its agents in weighing cotton; and Hanes, the plaintiff in this action, claimed that the bond sued on was given to indemnify him against the injunction — the suit having been revived against him as Coates' successor. Hanes was the obligee in the latter bond.   After the affirmance of the decree of the Chancery Court, he commenced this action for damages which he claimed to have sustained on account of the injunction.   The judgment was against him.

*Shelton & Lea*, for the plaintiff in error.

The plea of "former recovery," or former judgment, can never avail unless the court rendering the judgment pleaded had the power to grant the relief, or afford the remedy, sought by the suit in which such plea is interposed.   Freem. on Judg., sec. 223, and authorities there cited.

*Adam & Speed*, on the same side.

The bond had a double liability; and a forfeiture as to one portion of its liability could not impair the right to recover upon it for the other portion of its liability.

*T. C. Catchings*, for the defendant in error.

If the bond was designed to operate as an injunction bond when it was executed, it cannot be treated so now.   The obligee treated it as an appeal bond, upon his own motion obtained a judgment in the Supreme Court upon it as an appeal bond, and suffered it to be characterized as an "appeal bond" by the court; and if there is anything in the doctrine of estoppel, he will not, at this late day, be permitted, after all he has said and done, and notwithstanding the judgment in the Supreme Court, to maintain a suit upon it as an injunction bond.

CAMPBELL, J., delivered the opinion of the court.

If the bond sued on in this action is anything more than an

Syllabus.

appeal bond, this action is not maintainable, because plaintiff has heretofore had a recovery on it by a judgment of this court for costs against the obligors, and it is not allowable " to split up the various covenants or promises contained in one contract, and to recover upon each separately." Freem. on Judg., sec. 240.

Judgment affirmed.