THE STATE, USE OF HINDS COUNTY, *v.* FARRAR MORRISON ET AL.

1. RES ADJUDICATA. *Action upon bond. Former Recovery. Breaches unknown.*

   In a suit by the State, for the use of a county, upon a tax-collector's bond, where the defendant pleads a former recovery, it is not a good replication for the plaintiff to say that the breaches counted upon, which had occurred before the institution of the former suit, are different from and additional to those declared upon in the former suit, and were *unknown* to the plaintiffs when that suit was brought, there being no averment of a fraudulent concealment of the cause of action by the defendant.

2. SAME. *Rule in respect thereto. Sects. 404 and 1542, Code 1880.*

   Sect. 404 of the Code of 1880 provides that, "the bonds of all public officers in this State shall be made payable to the State, and shall be put in suit in the name of the State, for the use of any person injured by the breach thereof; and such bonds shall not be void on the first recovery, but may be put in suit from time to time, by any party injured by the breach thereof, until the whole penalty shall be exhausted." Sect. 1542, of same Code, provides that, "in all actions upon bonds with a condition, the plaintiff shall state the condition, and assign breaches thereof, in his declaration; and no evidence shall be given of any breach not so assigned. The jury shall assess damages for such of the breaches, so assigned, as may be proved, and execution shall issue for so much, and the judgment shall stand as a security to the plaintiff for any other breaches that may afterwards happen; and he may have a *scire facias* thereon, and assign any other breaches, and thereupon damages shall be assessed and execution issued as aforesaid." *Held,* that these statutes do not affect the rule of *res adjudicata* as above applied.

APPEAL from the Circuit Court of Hinds County.
Hon. S. S. CALHOON, Judge.

On the 8th of July, 1882, this action was brought in the name of the State, for the use of Hinds County, against Farrar Morrison and the sureties on his bond, as tax-collector of Hinds County during the years of 1880 and 1881, for certain alleged defalcations in not paying over to the county treasurer taxes collected by him for the county.    His term of office expired with the thirty-first day of December, 1881.    The defendants, excepting Morrison, filed several pleas to the plaintiff's declaration, but it is only necessary to refer specially to the fourth, which averred that the action was not maintainable, " because they (defendants) say that the plaintiff, for the same use, heretofore, to-wit, on the        day of        , 1882, in this same court, impleaded said defendants in a certain action, then and there brought and prosecuted by said plaintiff for said use against said defendants, wherein there was assigned breaches of the same conditions of the same writing obligatory that are assigned and insisted on in this suit, and claimed and demanded of said defendants damages, which it was insisted in said suit that said usee had sustained by reason of said breaches of said conditions of said bond ; and that afterwards, to-wit, at the same term of said court, said plaintiff for said usee, by the consideration and judgment of said court, recovered in said suit against said defendants, the sum of $1,047, the same being the full amount of said damages established by the proof in said suit to have been sustained by said usee by reason of said breaches of said condition of said bond, *  *  *  which said judgment still remains in full force and effect,"· etc.

To this plea it was replied that the plaintiff ought not to be precluded by reason of anything therein averred from maintaining the action, " because she says that while she admits and confesses the institution in this court of the former suit referred to in said fourth plea, that the breaches of the same conditions of the same writing obligatory were assigned and insisted on therein as are assigned and insisted on by the plaintiff in her declaration in this behalf, as well as others ;

and that in said former suit, judgment was recovered against only a part of the defendants sued in this action, for the sum of $1,047 ; she yet avers and says that the sums stated in the assignment of the breaches of the conditions of said writing obligatory, in the declaration in said former suit were only small parts or portions of the sums stated in the assignment of breaches in the declaration in this suit, which include sums and amounts and defaults that were wholly unknown when said former suit was instituted, and insists that while her demand in this action is to be limited or reduced by the amount of said former recovery, so much of her real causes of action in this suit as is different from and additional to the real causes of action in said former suit ought not to be precluded by the recovery therein," etc.

The defendants demurred to this replication, on the ground that it was not a sufficient answer to the plea. The demurrer was sustained, and the plaintiff appealed.

*T. C. Catchings*, Attorney-General, and *J. & J. M. Shelton*, for the appellant.

If this court shall be of opinion that the demurrer is bad or insufficient as to any of the defendants that joined therein, because the former judgment pleaded was not rendered against all of them, then it must be pronounced bad or insufficient as to all of them, and the judgment of the court below, sustaining such demurrer must be wholly reversed. Stephen's Pl. 407 ; 1 Chitty's Pl. 546.

We submit that the allegation of said replication that the declaration in this behalf covered sums based on defaults of said late sheriff as tax-collector by the commission of breaches of his said bond as such in part, at least, different from and in addition to those assigned in said suit by the revenue agent, and wholly unknown when the same was instituted, and which were largely in excess of the sums demanded in said suit, even though it had failed to allege that the recovery therein was not against all of the defendants in this suit that joined in said fourth and last plea, makes same a perfectly good and valid reply to said plea. Nay, more, that it would be so, did it

merely allege that such sums, largely in excess, were only unknown at such date, without the additional allegations that they were in part, at least, based on different and additional defaults, and the recovery had against only a part of the defendants sued in this case.

" The doctrine of estoppel by a former judgment between the same parties is one of the most beneficial principles of our jurisprudence, and has been less affected by legislation than almost any other. But its effect is to prevent any further inquiry into the merits of the controversy. Hence, with all the salutary influence which it exerts in giving permanence to established rights, in putting an end to angry contests and preserving tranquility in society, it can only be justified on the ground that the precise point, either of law or of fact, which is presented in the suit where the estoppel is pleaded, had been previously decided between the same parties or their privies, by a court of competent jurisdiction.

It is true that some of the earlier cases speak as if everything which might have been decided in the first suit must be considered concluded by that suit. But this is not the doctrine of the courts of the present day, and no court has given more emphatic expression to the modern rule than this. That rule is, that when a former judgment is relied on, it must appear from the record that the point in controversy was necessarily decided in the former suit, or be made to appear by extrinsic proof that it was in fact decided. This is expressly ruled no less than three times within the last eight years by this court, to-wit: in the *Steam Packet Co.* v. *Sickles,* 24 *How.* 333; *Same* v. *Same,* 5 Wall. 580; *Miles* v. *Caldwell,* 2 Wall. 35.

We invite the court's attention to the following authorities, which we think sustain our views: *Agnew* v. *McElroy,* 10 Smed. & M. 552; *Dunlap* v. *Edwards,* 7 Cush. 41; *Perry* v. *Lewis,* 49 Miss. 443; *Young* v. *Block,* 7 Cranch, 505; *Brockway* v. *Kinney,* 2 Johns. 210; *Phillips* v. *Berick,* 16 Johns. 137; 2 Tucker's Com. 159; Herman on Estop. sects. 16, 17,

29, 39, 40, 41, 42, 43, 49, 56, 80, 92, 97, 98, 171; Big. on Estop. 32, 96, 97; Wells on Res Adj. & Stare Dec., sects. 3, 4, 14, 229; Freem. on Judg., sects. 161, 240; 1 Greenl. on Ev. sect., 532; 2 Bouv. L. Dic., tit., "Res Adjudicata."

Sect. 404 of the Code of 1880, in full force when said former suit was brought, provides that the bonds of all public officers in this State shall be put in suit in the name of the State, for the use and benefit of any person injured by the breach thereof, and shall not be void on the first recovery; but may be put in suit, from time to time, by any party injured by the breach thereof, until the whole penalty shall be recovered.

If this statute means anything, it must mean that two or more suits may be brought on an official bond, by the same party, for different breaches thereof, no matter whether the last suit be founded on and for an earlier or a later breach than the first one.

*Shelton & Shelton*, for the appellees.

1. As to the point that there was no recovery against some of these defendants, the answer to it is a plain one. The plea recites that they were sued in the former action, and if those against whom there was no recovery had been liable at all, the recovery, it must be conclusively presumed, would have been against all. The fact that the recovery was not against all, is no answer to the plea.

Taking into consideration the facts that they were sued in the former action, and that a judgment was rendered against some, and in favor of some, that judgment is just as much *res adjudicata* as to those who were found not to be liable at all as it is to those against whom the recovery was had. The question of the liability of all was involved, or might have been involved, and it is well settled that that is the test of the question of *res adjudicata*. *Stattnek* v. *Millen*, 50 Miss. 391; *Gains* v. *Kennedy*, 53 Miss. 103; *Scully* v. *Somenstine*, 56 Miss. 654; *Agnew* v. *Macelnay*, 10 Smed. & M. 552.

2. As to the second point, that a larger amount is claimed in this suit than was claimed in the former, we say: That it is not permissible for the plaintiff to split up his cause of action and maintain separate suits upon the fragments. The whole must be embraced in one suit. No second suit can be maintained when everything involved in it should have been embraced in the former action. *Laraussini* v. *Carquette*, 2 Cush. 151 ; *Bass* v. *Nelms*, 56 Miss. 507 ; *Pittman* v. *Chresman*, 59 Miss. 124. The fact is conceded that this, and the former adjudication pleaded as an estoppel, were for alleged defalcations by Morrison, as sheriff and tax-collector, in failing to pay into the county treasury money by him collected for taxes, both having been instituted after the expiration of his term of office. If the sums of money now sued for had been owing from said sheriff when the first action was commenced, as they were if owing at all, then the whole should have been embraced in the former action.

3. It was never intended that sect. 404 of the Code of 1880 should have the effect to change the law prohibiting a plaintiff from splitting up his claim or demand, and maintaining separate suits upon the fragments.

That statute, taken in connection with sect. 1542, amounts to substantially this: That any party, injured by the breach of an official bond, may institute his action thereon in the name of the State, for his use, and if he recover judgment, the same shall stand as security to him for subsequent breaches, and such recovery shall not discharge the bond as to other persons ; but others injured by a breach of the bond may likewise maintain an action thereon, and so on until the full penalty of the bond is exhausted.

*Shelton & Crutcher*, on the same side.

We insist that the State and county are not vested with greater powers or privileges in suing on contracts and obligations than individuals have. The two sections of the Code of 1880, invoked by appellant's counsel, seem to us barren of any such meaning.

Sect. 1542 relates to suits on all bonds, official and plain. It says, " the plaintiff shall state the conditions and assign the breach thereof, and no evidence shall be given of any breach not so assigned. This provision clearly relates to all parties. The State or county could no more give evidence of a breach not assigned than could an individual. The second clause of the section simply provides the summary method, by *scire facias*, of doing what at common law had to be done by a new suit, namely, to recover for subsequent breaches in a continuing obligation. In the new suit at common law the question of the obligor's liability was treated as *res adjudicata*, and the only inquiry was as to the new breach and measure of damage therefor. Wells on Res Adj. & Stare Dic., sect. 245. The remedy thus provided for is, by the language of the statute, expressly confined to cases where subsequent breaches of a continuing obligation occur.

The purposes of sect. 404, Code 1880, were two, and only two. First, to provide how official bonds should be made payable, namely, to the State ; and second, to provide how they should be sued on. That is, that as the bonds are for the protection of different parties, these parties should be permitted to sue on them in the name of the State, and as the parties to be affected by breaches of these bonds might — as in the case of a sheriff's bond — be numerous, to provide that such parties might, from time to time, sue upon them until the penalty was exhausted.

We understand it to be the rule that where one has several causes of action against another, which are made causes of action by virtue of one and the same contract, and which, but for that contract, would not have been causes of action against the defendant, he will not be permitted to sue on those several causes in different suits. And that if he sues on a part and then undertakes to sue on the balance, he will be estopped by the former recovery. *Pittman* v. *Chrisman*, 59 Miss. 124.

The several claims constitute one and the same demand, because they grow out of one and the same contract and are de-

pendent on one and the same right.    See *Hanes* v. *Planters Cotton Press*, 55 Miss. 654, and Freem. on Judg., sect. 240, and herein referred to; *Simes & Co.* v. *Zane*, 24 Pa. St. 242; *Aurora City* v. *West*, 7 Wall, 82; *Shattuck* v. *Mellor*, 50 Miss. 391; Wells on Res & Adj. Stare Dic., sects. 229, 237, 245, 248, 249, 251; 7 Robertson's Prac., 172–180; *Henderson* v. *Henderson*, 3 Hare, 114.

But it is said that the demurrer should have been overruled because the replication alleged that some of the parties to this suit were not parties to the former.

We submit that it is not necessary that all the parties to both suits should be the same.    Notes to case in 3 Hare, *supra*.

CAMPBELL, C. J., delivered the opinion of the court.

It was no answer to the plea of a former recovery on the bond to reply that breaches of the bond, which had occurred before the institution of the former action, and should have been included in it, were not known to the plaintiff when the former action was brought.    The rule precluding a subsequent recovery on an entire cause of action, part of which had been the subject of a former suit, is quite independent of the knowledge of the plaintiff as to his rights, unless, perhaps, there has been a fraudulent concealment of the cause of action by the defendant.    It is an inflexible rule founded in policy, and its application depends on the nature of the cause of action, and not on the accidental circumstance whether the plaintiff is well or ill informed of his rights in a given case.

There can be but one action on one cause of action, and, if a plaintiff, having a right to recover a large amount for the breach of a bond, seeks recovery of a less sum for such breach, it is not admissible afterwards to recover an additional amount for such pre-existing cause of action.    The right of action is exhausted by the first action, and it is a bar to a second.    " The law will not permit a party who has recovered in one action a portion of an entire demand, to make the resi-

due of it the subject of another suit." Big. on Estop. 129; Herman on Estop., sect. 77; Freem. on Judg., sects. 238–240. 2 Smith's Ld. Cas. (6th Am. ed.) 801; *Hanes* v. *Planters, etc., Assn.*, 55 Miss. 654.

The statutes cited by counsel do not change the rule of law mentioned. Sect. 404 of the Code gives a right of action on an official bond to any person injured by its breach, and sect. 1542 prescribes how bonds shall be declared on and recovery had, and gives *scire facias* for other breaches that may *afterwards* occur.

Whether the fact that all of the defendants were not included in the former recovery, would make the plea bad is not involved. The replication does not aver this state of facts in such manner that judgment could be rendered against some of the defendants, if they were liable.

Judgment affirmed.

