WIRT ADAMS, STATE REVENUE AGENT, *v.* J. W. CONNER, TAX COLLECTOR ET AL.

1. TAX COLLECTOR. *Two bonds. Sureties. Misjoinder.*

    A bill in equity brought by the state revenue agent against a tax collector who was re-elected to office, and the sureties on his official bonds for both his first and second terms of office, is not demurrable for a misjoinder of the two sets of sureties, when it contains an averment that the complainant is unable to determine on which bond, or in which term of office the shortage sued for occurred, the uncertainty being one of fact.

2. SAME. *Bill. Sufficiency of averments. Exhibit.*

    Where a bill in equity against a tax collector and the sureties on his official bond alleges a failure to collect and pay over the amount of taxes sued for, and is accompanied by an exhibit showing a failure to pay over so much money collected on account of taxes, it will be treated, on demurrer, as sufficiently alleging a collection and failure to pay over the money in question.

3. SAME. *Tax collector's books. Basis of settlement.*

    The books of a tax collector, which he is required by law to keep, afford a proper basis for the ascertainment of the state of his accounts, and the fact that there may be another proper basis by which the same result would be reached, affords no ground of demurrer to a bill for the recovery of the balance alleged to be shown by his books.

FROM the chancery court for the first district of Carroll county.

HON. T. B. GRAHAM, Chancellor.

The original bill, brought by the state revenue agent for the use of the county, demanded $419.17 for the year 1886, and $573.82 for the year 1887, county taxes assessed and not collected or properly accounted for. The tax collector, J. W. Conner, and his sureties on his two bonds, viz., his bond for his first term of office, covered by the years 1886 and 1887,

and his bond for his second term, covered by the years 1888 and 1889, were united as defendants, and a general decree was asked against the principal and both sets of sureties for the two demands. Filed with the bill, as a part thereof, was an exhibit in the form of a statement of the account of the tax collector with the county, purporting to be based on his cash book and stub tax receipts, and showing the above balances against him. The defendants demurred on the following grounds: (1) Want of equity on the face of the bill; (2) multifariousness, and a misjoinder of parties in uniting the two sets of sureties as defendants in a single proceeding; (3) that the account exhibited with the bill was not stated according to law; (4) that the amount of taxes assessed and properly chargeable against the collector nowhere appeared in said account. The demurrer was sustained, and complainant filed two amended bills, one for the deficit of 1886, on the bond for the term 1886–87, and one for the deficit of 1887, on the bonds for both terms, the two sets of sureties being, of course, united as defendants on the demand for 1887. In this last mentioned amended bill the complainant averred that he was unable to determine upon which of said bonds, or in which of said terms of office the shortage last mentioned occurred. A demurrer presenting the same grounds as that filed to the original bill was interposed and sustained. From the order sustaining this last demurrer complainant appealed.

*Southworth & Stevens,* for the appellant.

1. The law provided the tax collector with a book of blank tax receipts, printed in duplicate, and required him, under a severe penalty, to use those receipts in such manner as to leave therein a stub receipt or duplicate of each tax receipt that he issued. It also required him to keep a cash book, and to enter therein, at the time of the issuance of any receipt, the name of the taxpayer, the date and number of his receipt and the amount paid by each taxpayer, and also to enter the amounts paid over

to the county treasurer, so that it might be seen, by reference to said book, whether the payment made to the state and county treasurer embraced all that he had collected, less his commissions. Directions are also given as to the production of these books on final settlement, and as to their preservation. Code 1880, §§ 515, 516, 517, 518 and 519. There is no material difference between these provisions of the code of 1880 and those of the code of 1892 relating to the same subject.

Such being the state of the law, it is clear that the statement exhibited with the bill, and made a part thereof, and which purports to have been made on the basis of the showing disclosed by these books, proceeds upon the proper basis, and establishes a *prima facie* case of liability. *Gibson* v. *State*, 59 Miss., 341. See, also, 2 Am. & Eng. Enc. L., p. 467(*k*); 1 Greenl. on Ev., § 483, *et seq.*

2. There is no merit in the suggestion that, while the bill alleges a failure to collect, the statement of account exhibited with it alleges a failure to pay over. All the bills, original and amended, allege a failure to collect and properly account for the taxes mentioned. It may be that the allegation of a failure to collect was surplusage, but there can be no question as to the scope and object of the bills when read in connection with that exhibit. This ground of demurrer is entirely too technical.

3. There was no misjoinder in the second amended bill of the two sets of sureties. The complainant alleged that he was "unable to determine upon which of said bonds or in which of said terms the above shortage (1887) occurred," etc. *Metts* v. *State*, 68 Miss., 134; *Pass* v. *Grenada County*, 71 *Ib.*, 426.

*Somerville & McClurg*, for the appellees.

1. There can be no doubt of a misjoinder of parties in this cause. The fact that complainant could not determine on which bond, or during which term, the shortage of 1887 occurred, as he stated in his amended bill, is insufficient. *Lauderdale County*

v. *Alford*, 65 Miss., 63.    Aside from the question of jurisdiction, the complainant "must show by his bill some right to a decree against those made defendants." *Bank* v. *Phillips*, 71 Miss., 51.    The bill charges, as to the account of 1887, that it was legally assessed for that year, and that the collector failed to collect and account for it. . The exhibit recites that it was collected, as shown by the cash book and stub receipts for the fiscal year 1887, from October, 1887, to January, 1888.    Let the appellant take either horn of the dilemma.    If the collector has failed to collect taxes assessed for the year 1887, there can be no difficulty in fixing the liability on the bond of 1886–87, the first term.    If, as the exhibit recites, the amount was collected in 1887, the matter is equally clear.    The credits on the account exhibited all occur in 1887, except one of January 3, 1888.    See Code 1880, § 471.

2. The bill charges, as explained in discussing the former point, that the breaches consisted in the collector's failure to collect taxes legally assessed, etc., and refers to the account exhibited.    Upon examining this itemized account, it will be observed that it is a statement of taxes collected and not paid over. The exhibit does not sustain the charge of the bill, but shows a different ground of complaint, and without it the bill is too indefinite to be relied on.

3. The account is erroneously stated.    The collector should have been charged with the amount of the tax shown by the assessment roll, and credited by payments and insolvencies, etc. *Boykin* v. *State*, 50 Miss., 375.    The cash book, stub receipts, etc., are competent evidence.    *State* v. *Lewenthal*, 55 Miss., 589.    They cannot, however, properly be made the basis for the debit side of the account.    They are not so entered on the books of the county auditor.    The assessment roll has been likened, in the hands of the collector, to a writ of *fieri facias*. It is the measure alike of his authority and liability.    If he has collected more money than the roll calls for, he is amenable, not to the county, but to the citizens who paid the excess.

WOODS, J., delivered the opinion of the court.

We examine the correctness óf the action of the court below· in sustaining the demurrer to the amended bills, in the order pursued by counsel for appellees in their very lucid brief.

1. The inability of appellant to determine which set of sureties upon the two bonds of the tax collector is liable, arises out of the fact that the officer was his own successor in office. If a stranger had succeeded him, there could have been no room for doubt—at any rate, not the doubt which clearly appears on the face of the bill in this case. The alleged defaulter may have created the shortage during his first term, or he may have had the whole of the moneys at the close of that term, and made way with the balance here sued for after he entered upon his second term. This is not an uncertainty as to the law, but an uncertainty as to fact, and there is, therefore, no misjoinder.

2. The breach laid is for failure to collect and pay over. Reference to the exhibit shows a failure to pay over money collected. The averment of the breach might have been stated more accurately as a failure to pay over money collected, in the language of the exhibit, but there is no uncertainty as to what is charged. The failure to pay over is the gravamen of the offense, and so appears from the bill. The objection is too refined and critical. There is no variance.

3. The basis of settlement by which the balance sued for is made to appear is not erroneous. The basis might have been adopted for which counsel contend, but the result would have been exactly the same. If that basis had been adopted, the entire assessment roll would have been charged to the collector, including insolvencies, and he would have been credited with payments made to the treasurer, insolvencies and commissions, but, on that basis, as we have said, the same result would have been attained as that which will be reached on the basis of settlement adopted in the present suit. Here the balance due, or alleged to be due, is ascertained from the public records required by law to be kept by the collector himself, and actually

so kept. His own books show the total amount of his collec-tions on the one side, and his total credits, including commissions, but excluding insolvencies, on the other, and the result must be precisely the same as if the insolvencies had been charged against him and then credited back. The demand is for the cash balance shown by his own accounts to have not been paid over by him.

Under *State, to use,* v. *Morrison,* 60 Miss., 74, after the determination of the present action, no other suit on any other basis will be maintainable, and there can be no harassment by other litigation.

*The decree of the court below is reversed, the demurrer over-ruled and leave given appellees to answer in thirty days after mandate filed below.*