ABNER DEWEES v. BOSTWICK LUMBER & MANUFACTURING COMPANY.

[50 South. 865.]

1. EVIDENCE. *Lost writing. Secondary evidence.*

Where a writing would be competent, if produced, and it be shown that it is lost and cannot be found after diligent search, a witness may testify touching its contents.

2. OPEN ACCOUNTS. *Limitation of actions.*

Where installments of goods were sold, to be paid for sixty days after delivery, the three years' statute of limitation will not begin to run against the last item of the account until the expiration of sixty days following the delivery of the goods charged for therein.

3. RECEIPTS. *Explanatory evidence.*

Receipts may be explained by parol testimony, although they recite that they were given in full settlement between the parties.

FROM the circuit court of Neshoba county.
HON. JAMES R. BYRD, Judge.

The Bostwick Lumber & Manufacturing Company, a corporation, the appellee, was plaintiff iln the court below; and Dewees, the appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

The Bostick Lumber & Manufacturing Company, appellee, purchased from Dewees, appellant, on sixty days' time, lumber with which to fill a contract; the lumber was delivered at various times from October 21, 1905, to and including February 16, 1906; most of it being delivered to appellee by appellant on appellee's written orders. · A dispute having arisen between appellant and appellee in the matter, appellant gave to appellee a written receipt, reading thus:

"Feb. 15, 1906.   Received of the Bostick Lumber & Manufacturing Company, in all to date: By check, $350.00; Mdse., $30.95; Mdse., $70.80; and one check, $169.32. Total, $620.78.   Feb. 15, 1906.   A. Dewees."

On December 19, 1908, appellant bought from appellee certain goods for $65, and, according to his testimony, informed Bostick, president of the appellee company, at the time of the purchase that he, appellant, did not expect to pay for them, but would credit appellee's account with their value.   Appellee denied that the goods were to be paid by a credit on appellant's account, and, on March 25, 1909, brought suit against appellant before a justice of the peace for the $65.   On April 7th, following, appellant, pleaded set-off, claiming that the Bostick Lumber & Manufacturing Company still owed him $153 for lumber. · Judgment having been rendered by the justice of the peace adversely to the company, it appealed to the circuit court.   Appellant sought, on the trial in the circuit court, to testify to the contents of the written orders under which the different deliveries of lumber had been made by him to appellee, but, although he had sworn that the orders had been either burned or lost and that he had made diligent search for them and could not find them, the court refused to admit

secondary evidence of their contents. At the close of the evidence the court below peremptorily directed the jury to find a verdict in favor of the company.

*Flowers, Fletcher & Whitfield,* for appellant.

It was error not to permit the defendant to state the contents of the orders, he having testified that he had received such orders and that they had been burned. It was shown in evidence that he had made diligent search through his file for them.

The action was not barred by the three year statute of limitation. The account ran for several months, beginning on October 31, 1905, and ending February 16, 1906. The account was for lumber, sold on sixty days' time. It is apparent that the last item would be due on April 14, 1906. Assuming the three year statute of limitation to apply, the account would not be barred until April 14, 1909. Now the suit was instituted March 25, 1909; summons was served April 1, 1909; and the set-off was filed April 7, 1909. It is impossible for the account to have been barred by the three-year statute of limitation. Such statute of limitation did not begin to run against any of the account until sixty days from the date of the last item. Both parties are merchants or traders, and the account was a mutual and open current account. *Abbay v. Hill,* 64 Miss. 340.

It is contended by appellee that the receipt was an acquitance in full. This is wholly untenable, since the receipt on its face does not purport to be in full. It says "In all to date," meaning of course, that there had been paid so much in all up to that date. It is always permissible to explain or contradict a mere receipt. The giving of this receipt was fully explained by appellant. It cannot therefore be successfully contended that the receipt is not open to explanation by parol evidence. In fact, the receipt seems to be a mere statement of payments made.

*Baskin & Wilbourn,* for appellee.

The action of the court below in granting a peremptory instruction in behalf of appellee, was correct. Appellant failed to prove by competent evidence the contents of the orders. The proof of his receipt of such orders was secondary evidence, it not being definitely shown that he had made such search for the orders as the law requires. He was very reticent in giving his testimony.

The installments of goods were delivered on sixty days' time. Appellant is barred by the three years statute of limitation. The account is not a mutual account, hence the rule in *Abbay v. Hill,* 64 Miss. 340, does not apply.

But even if such statute of limitation did apply, appellant would be and is barred from successful appeal by reason of the receipt shown in evidence. This receipt was signed by him and delivered to appellee with full knowledge on appellant's part of its contents.

WHITFIELD, C. J., delivered the opinion of the court.

The court erred in not allowing the contents of the orders for lumber to be introduced in evidence. The appellant had stated that he had received these orders in writing, and that they had been burned, and that he had made diligent search for the same, and could not find them. It was further testified, and not denied anywhere in the record, that the lumber was sold on sixty days' time; the lumber constituting the offset of the defendant.

This suit was instituted March 25, 1909; the summons was served April 1, 1909; the offset was filed April 7, 1909. The account began October 21, 1905, and ended February 16, 1906. If, therefore, it was true, as testified, that the lumber was sold on sixty days' time, the last items of the account would be due sixty days after February 16, 1906; that is to say, on April 14, 1906. Under the three year statute of limitations, therefore, the one here pleaded, the account would not have been entirely

barred until April 14, 1909, and yet the court gave a peremptory instruction in this case to find for the plaintiff. It is difficult to understand why the court gave this peremptory instruction, unless it be, as seems probable, that the court understood the receipt, of date February 16, 1906, to be a receipt in full. That receipt, however, on its face, shows that it is a mere summary of payments, and not a receipt in full. One of the witnesses expressly testified it was not a receipt in full. But, if it was, on its face, a receipt in full, it was open to explanation. It appears, further, from the testimony, that Bostick, representing appellee, wrote a receipt in full, which Dewees refused to sign, and that Dewees then wrote and signed this receipt, the one offered in evidence. It was, of course, therefore, error to give the peremptory instruction on this state of case.          *Reversed and remanded.*