# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1917.

---

United States Fidelity & Guaranty Co. *v.* Tate County.

[74 South. 769, Division A.]

Judgment. *Res judicata. Entire cause of action.*

> Where a road contractor, contracted with a county to work its roads for a term of two years, but abandoned his contract and refused to carry it out and the board of supervisors notified his bondsmen, requesting them to carry out the contract which they refused to do and the contract was then relet to the lowest bidder, who carried it out, and the county recovered judgment against the original contractor's bondsmen for the amount of money which the county paid the second contractor for one year's work over that agreed to be paid the first contractor, such judgment was *res judicata* of the county's rights in the premises and the county could not bring a second suit for the failure of the first contractor to perform his contract for the second year, since the contract for working the roads for two years called for continuous work, not work to be performed by installments so that the original contractor's obligation was entire, not divisible, and on his failure to perform, the county had the right to recover all damages then and thereafter to be sustained, but it had no right to bring separate suits for each new item of damages resulting from its original cause of action. ... ... a rule of law that a man shall not be twice vexed for one and the same cause.

Appeal from the circuit court of Tate county.
Hon. E. D. Dinkins, Judge.

Suit by Tate County against the United States Fidelity & Guaranty Company and another. From a judgment for plaintiff, defendant appeals.

One Clarke entered into a contract with the board of supervisors of Tate county for working the public roads of said county, which contract provided that:

1

"This contract is to begin and be in force from and after the 1st day of February, 1912, until the 1st day of January, 1914, and during said term all of said roads shall be worked, constructed, and built and maintained according to specifications adopted by the board," etc.

The contract further provided that said Clarke was to receive the sum of forty-three dollars and fifty cents per annum per mile for all roads so worked, constructed, and maintained. The contractor was to receive his pay quarterly, except twenty-five per cent., which was to be retained until the end of each year, when settlement for the entire year was to be made for the work done during that year. Appellant was surety on the contractor's bond. After working the roads under said contract for a time, Clarke abandoned said contract and refused to carry it out. Thereafter the board notified his bondsmen, requesting them to perform the contract, which they refused to do, and the contract was then relet to one Crenshaw, who was the lowest bidder, at sixty-five dollars per mile, and Crenshaw carried out the contract. At the end of the first year the bondsmen were called upon to pay the county the excess which it had been compelled to pay Crenshaw over and above the amount which it had contracted to pay Clarke. The bondsmen declined to pay same, and suit was brought for the difference, and judgment recovered by the county against the bondsmen (appellant), from which no appeal was prosecuted, and appellant paid the judgment. At the end of the second year, the county having again been compelled to pay Crenshaw an amount over and above the amount contracted to be paid to Clarke, demand was made on appellant to make good the excess, which appellant declined to do, whereupon suit was filed against Clarke and his bondsmen, when appellant interposed a plea of *res judicata,* which was overruled by the court and a peremptory instruction given to find for the county in the sum sued for, and from a judgment thereon this appeal is prosecuted.

*Holmes & Sledge* and *W. M. Hall,* for appellant.

*J. F. Deean* and *H. M. Thompson,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The rule announced in *Armfield* v. *Nash,* 31 Miss. 361, followed in *Williams* v. *Luckett,* 77 Miss. 394, 26 So. 967, and relied upon by counsel for appellee, has no application here; for, while Clarke's compensation for working the roads was to be paid him in installments, his work upon the roads was not to be performed by installments, but was to be continuous, so that his obligation under the contract was not divisible, but was entire. When he unqualifiedly refused to continue to work the roads, and appellee, as it had the right to do, treated his refusal as a total breach of the contract, and made other arrangements for the working of its roads, his contract with appellee was thereby terminated, and appellee had thereafter only a cause of action against him for the damages sustained by it because of the breach by him of the contract. It had the right to sue upon this cause of action at once, or at any time thereafter, within the limits of the statute of limitations, and recover all damages then or thereafter to be sustained, but had not the right to institute separate suits for each new item of damage resulting from its original cause of action; for "it is a rule of law that a man shall not be twice vexed for one and the same cause."

"The true criterion whether damages can be recovered for nonperformance of a whole contract, including damages not sustained when the action is brought and the suit is tried, is whether there has been such a breach as authorizes the plaintiff to treat it as entirely putting an end to the contract. If the breach is entire and total, the plaintiff may recover damages for an entire nonfulfillment; but if it is only partial and temporary, he can recover only such damages as he has already sustained, and must still accept performance of the re-

sidue of the contract if the other party will fulfill it. The question depends upon whether the damages are a new cause of action, or are only new damages resulting from the original cause of action. . In the former case a new action may and must be brought, while in the latter all the damages may and must be recovered in a single action." 8 R. C. L. 550.

See, also, 3 Elliott on Contracts, section 2141; *Roehm* v. *Horst,* 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953.

It follows, from the foregoing views, that appellant's plea of *res adjudicata* was good; and, since the matters alleged therein appear from the record and are admitted by counsel for appellee to be true, the judgment of the court below will be reversed, and the cause dismissed.

*Reversed and dismissed.*