KOHLER *v.* OLIVER.

[74 South. 777, Division B.]

COMPROMISE AND SETTLEMENT. *Inclusion of indebtedness in settlement.*
Under the facts set out in its opinion, the court held that the contract of compromise, under its terms, included the amount sued for in this suit, and that it was not competent for plaintiff to testify concerning the terms of the instrument. Compromises are favored in law.

APPEAL from the circuit court of Lamar county.

HON. A. E. WEATHERSBY, Judge.

Suit by W. F. Kohler against Jerry Oliver. From a judgment for defendant; plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Tally & Mayson,* for appellant.

ETHRIDGE, J., delivered the opinion of the court.

Kohler sued Oliver in the circuit court of Lamar county in an action of account stated of six hundred and six dollars and two cents, and on open account for forty dollars and thirty cents, it being alleged that the account stated was made on the 1st of May, 1914, and the open account was made on or before the 18th day of August, 1914, itemized account as to the open account, verified as required by statute, being filed as an exhibit to the declaration. The defendant pleaded the general issue and gave notice under the general issue that he would offer in evidence an agreement between the plaintiff and defendant entered into on the 28th day of August, 1914, in which the parties had compromised and settled all matters outstanding between them on that date, the agreement being made an exhibit to this notice under the general issue. In said agreement it is recited as follows:

"That whereas certain controversies and misunderstandings have heretofore arisen between said parties and it appearing evident that unless speedily settled and composed, said controversy may lead to unnecessary and unfruitful litigation, and being mutually desirous of adjusting and settling all differences now existing between said parties it is hereby agreed and understood that the said W. F. Kohler, in consideration of the premises and the sum of one thousand nine hundred and twenty-five dollars to be paid by said Jerry Oliver, according to the tenor of a certain promissory note," etc. and a certain deed of trust, etc., in which deed of trust

certain property is conveyed to Oliver by Kohler, then proceeds:

"It is further agreed and understood between the parties hereto that as a part of the consideration of this agreement, that all outstanding accounts or indebtedness between the parties and all moneys due or to become due on account of any lumber heretofore sold and shipped is by the terms hereof settled and discharged and such money is to be collected and become the property of the said Kohler absolutely."

The agreement further recites that if Oliver shall undertake to sell any of the property conveyed by the deed of trust he should procure the consent of Kohler and the money to be paid to Kohler. It then recites:

"It being the purpose and intention of the parties to this agreement to wind up and put behind them each and every item of controversy and misunderstanding that might in any wise lead to further disagreement and this agreement and the note and deed of trust above mentioned contain the entire terms and conditions of the settlement of all of said differences this day existing compromised and composed."

Plaintiff thereupon made motion for judgment, which was overruled. The plaintiff took the stand as a witness, and testified that the compromise agreement was fully carried out by Oliver, but contended that the contract did not embrace the items sued for in this suit. The defendants introduced the contract and rested. The court thereupon gave a peremptory instruction to find for the defendant, and the plaintiff appeals.

We are of the opinion that the contract of compromise, under its terms, included the amount sued for in this suit, and that it was not competent for the plaintiff to testify contrary to the terms of the instrument. Compromises are favored by law. The rule is stated in 5 R. C. L. 878, as follows:

"It is the duty of courts rather to encourage than to discourage parties in resorting to compromise as a mode

of adjusting conflicting claims; and the nature or extent of the rights of each should not be nicely scrutinized. Courts should, so far as they can do so legally and properly, support agreements which have for their object the amicable settlement of doubtful rights by parties; the consideration for such agreements is not only valuable, but highly meritorious.   They are encouraged because they promote peace, and when there is no fraud, and the parties meet on equal terms and adjust their differences, the court will not overlook the compromise, but will hold the parties concluded by the settlement.''

See, also, 8 Cyc. 518,

The judgment is therefore affirmed.

*Affirmed.*