972 So.2d 667 (2007)
Billy NELSON and Gaynelle Nelson, Individually and as Parents and Next Friends of Justin Nelson, a Minor, and as Representatives of All Wrongful Death Beneficiaries of Bobby Nelson, Deceased, Appellants
v.
BAPTIST MEMORIAL HOSPITAL  NORTH MISSISSIPPI, INC.; William E. Henderson, Jr., M.D., General Partner; Oxford Clinic For Women, A Partnership; Ira Lamar Couey, M.D., General Partner; and R. Blake Smith, M.D., General Partner, Appellees.
No. 2005-CA-02058-COA.
Court of Appeals of Mississippi.
May 8, 2007.
Rehearing Denied September 18, 2007.
*669 James W. Kitchens, Margaret P. Ellis, Roderick D. Ward, Jackson, attorneys for appellants.
Clinton M. Guenther, Greenwood, Robert S. Mink, Jackson, attorneys for appellees.
Before MYERS, P.J., ISHEE and ROBERTS, JJ.
ISHEE, J., for the Court.
¶ 1. Billy and Gaynelle Nelson filed suit for the wrongful death of their son Bobby Nelson, who was born on April 26, 2001, at Baptist Memorial Hospital in Oxford, Mississippi, and subsequently died on July 14, 2001. After granting an extension of time for service, Judge Andrew Howorth recused himself, and his successor, Judge Henry Lackey, vacated the extension for lack of good cause, ruled that the Nelsons had not complied with the statutory requirements for filing a medical malpractice action, and dismissed the claim with prejudice. The Nelsons' motion to reconsider based on their reliance on the extension and their argument that they complied with the statutory requirements during the extended time was denied. Aggrieved, the Nelsons appeal. Finding error, we reverse and dismiss without prejudice.

FACTS
¶ 2. One of the appellants, Gaynelle Nelson, became pregnant during July or August 2000. She received prenatal care at the Oxford Clinic for Women and was scheduled to receive a C-section. When Mrs. Nelson was admitted to Baptist Memorial Hospital on April 25, 2001, and went into labor, the Nelsons allege a nurse delivered her baby, Bobby Nelson, but did not call a doctor. Although Mrs. Nelson had been scheduled for a C-section, she alleges that the nurse attempted to manually stretch her cervix to deliver the baby. Shortly after being delivered, Bobby was transferred to North Mississippi Medical Center in Tupelo, where he remained until his death on July 14, 2001.
¶ 3. Approximately one month before the expiration of the statute of limitations, the parents, Billy and Gaynelle Nelson, retained attorneys to represent them in their suit for the wrongful death of Bobby Nelson. The Nelsons filed a complaint on July 9, 2003, prior to the expiration of the *670 statute of limitations on July 14, 2003.[1] The claim alleged that the negligence of Baptist Memorial Hospital (Hospital), Oxford Clinic for Women (Clinic), Dr. William E. Henderson, Jr., and other doctors and employees (Doctors) caused the wrongful death of Bobby. Prior to filing the complaint, the Nelsons did not provide sixty days notice to the Hospital, Clinic, and Doctors as required by Mississippi Code section 15-1-36(15). The original complaint also did not include a certificate stating their attorney had consulted with a doctor about the case, pursuant to section 11-1-58 of the Mississippi Code.
¶ 4. On November 3, 2003, upon motion by the Nelsons, Judge Howorth entered an order granting an additional ninety days to serve process. The Nelsons then sent notice of the suit on November 10. After waiting sixty days, the Nelsons filed an amended complaint, which included a certificate stating their attorney had consulted a qualified expert, and then they served process on the Hospital, Clinic, and Doctors.
¶ 5. Subsequently, Judge Howorth recused himself and the case was assigned to Judge Lackey. The Hospital filed a motion to reconsider the order entered by Judge Howorth granting the Nelsons additional time to complete service of process, to which the Clinic and Doctors joined. Upon reconsideration, Judge Lackey vacated the original order for lack of good cause and dismissed the claim with prejudice. He also found the statute of limitations had expired for the following reasons: (1) failure to give written notice sixty days before filing a medical malpractice claim, (2) failure to include an attorney certificate with the claim, and (3) ineffective service of process.
¶ 6. The Nelsons filed a motion to reconsider, and, on September 27, 2005, Judge Lackey entered an order affirming his prior decision. Aggrieved, the Nelsons timely appeal and assert the following issues:
I. Whether Judge Lackey should have reversed the order extending time to serve process when Judge Howorth properly granted it and when the Nelsons detrimentally relied on it.
II. Whether notice was properly given sixty days prior to filing the claim.
III. Whether it was in error to find the Nelsons did not provide an attorney certificate.
IV. Whether the clinic and doctors were properly served with process.
V. Whether the claim should have been dismissed without prejudice.

STANDARD OF REVIEW
¶ 7. We review questions of law with a de novo standard of review. Russell v. Performance Toyota, Inc., 826 So.2d 719, 721(¶ 5) (Miss.2002). This Court also employs a de novo standard to review a trial court's grant or denial of a motion to dismiss. Harris v. Miss. Valley State Univ., 873 So.2d 970, 988(¶ 54) (Miss.2004).

ISSUES AND ANALYSIS
I. Whether Judge Lackey should have vacated the order extending the time to serve process that was granted by Judge Howorth and relied upon by the Nelsons
¶ 8. Mississippi Rules of Civil Procedure Rule 4(h) requires a plaintiff to serve the summons and complaint on a defendant within 120 days of filing a complaint; otherwise, the judge must dismiss the action without prejudice. Under Mississippi *671 Rules of Civil Procedure Rule 6(b), a court may extend the time a party has to act (1) for cause shown, if within the initial time period, or (2) upon a finding of excusable neglect after the expiration of the time period. A court may grant an extension of time under Rule 6(b), if within the initial 120 day time period, without motion and without notice. Accordingly, a judge may grant an extension of time to serve process under Rule 4(h) prior to the expiration of the original 120 days for service without a showing of good cause. Cross Creek Prods. v. Scafidi, 911 So.2d 958, 960(¶ 5) (Miss.2005). Only after the expiration of the original 120 days must the plaintiff show good cause to receive an extension of time to serve process. Id. "An application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party." Id. at 960(¶ 7) (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165, at 522 (3d ed.2002)).
¶ 9. Assuming proper service of process, filing a complaint tolls the statute of limitations until a suit's dismissal. Canadian Nat'l/Ill. Cent. R.R. v. Smith, 926 So.2d 839, 845(¶ 24) (Miss.2006) (citing Deposit Guar. Nat'l Bank v. Roberts, 483 So.2d 348, 352 (Miss.1986)). The date a plaintiff files an action is the relevant date for statute of limitation purposes, taking into consideration extensions of time to serve process. Crumpton v. Hegwood, 740 So.2d 292, 294(¶ 9) (Miss.1999).
¶ 10. The supreme court has stated that "as a general rule, a successor judge is precluded from correcting errors of law made by his predecessor or changing the latter's judgment or order on the merits, but this rule does not apply where the order or judgment is not of a final character." Mauck v. Columbus Hotel Co., 741 So.2d 259, 268(¶ 27) (Miss.1999) (quoting 48A C.J.S. Judges § 68, at 654 (1981)). A successor judge in an inferior position does not have the authority to vacate the order of a prior judge granting a new trial. Amiker v. Drugs for Less, Inc., 796 So.2d 942, 948(¶ 22) (Miss.2000). Nevertheless, the supreme court reversed a judge's vacating of a prior judge's order when a party justifiably relied upon it. Franklin v. Franklin, 858 So.2d 110, 122-23 (¶¶ 41-43) (Miss.2003).
¶ 11. In the present case, prior to the expiration of the 120 days to serve process, the Nelsons made a motion for an extension of time. They did not wait until the 120 days had lapsed to request an extension; therefore, according to Cross Creek, they were not required to meet the heightened good cause requirement. There was nothing to suggest the Nelsons acted in bad faith in making the motion, and no party was prejudiced by the ninety-day extension. The motion stated that a delay in obtaining medical records had forced the Nelsons to wait for their expert to form an opinion as to the merits of the claim. Judge Howorth found sufficient cause in this to grant an extension, and we find it was in error for the successor judge to later vacate the order based on the good cause standard.
¶ 12. Had Judge Howorth not granted the ninety-day extension on November 3, 2003, the Nelsons would have had four days before the time to serve process expired. Instead of attempting to serve process in those four days, they justifiably relied on this order and served process during the extended time.[2] In Franklin, the court noted that the attorneys had *672 expended substantial time and labor in relying on the judge's order stating that they would be awarded attorneys' fees. Franklin, 858 So.2d at 122(¶ 43). Similarly, in the present case, the Nelsons expended the remaining days they had to serve process in reliance on the judge's order granting them an additional ninety days to do so.
¶ 13. Judge Lackey vacated the original order extending time to serve process because the plaintiffs failed to show good cause, which he says was "required by the rules;" however, Cross Creek, says that Rule 6(b) only requires a plaintiff to show cause when filing a motion for an extension of time outside the original 120 day time period. Furthermore, the Nelsons justifiably relied on the judicial order and served process after the initial 120 days, but during the ninety-day extension, whereas they would have had four days remaining to do so had the extension not been granted. We, therefore, find that it was in error to vacate the original order because the Nelsons did not show good cause and also because the Nelsons relied on the order and served process in the time granted instead of within the original 120 days.
II. Whether the Nelsons properly gave notice sixty days before filing their claim
¶ 14. The statute of limitations to initiate a lawsuit against a medical provider is two years from the alleged negligent act. Miss.Code Ann. § 15-1-36(2) (Rev. 2003). A plaintiff may not begin an action against a healthcare provider based on professional negligence until the plaintiff gives the provider sixty days written notice of his intent to bring suit. Miss.Code Ann. § 15-1-36(15) (Rev.2003). Service of this notice will extend the time to commence an action by sixty days if the notice is served within sixty days of the expiration of the statute of limitations. Id. This serves to toll the statute of limitations for sixty days, essentially allowing for a statute of limitations of two years and sixty days. Pope v. Brock, 912 So.2d 935, 939 (¶¶ 19-20) (Miss.2005).
¶ 15. The supreme court has affirmed a trial court's dismissal of a medical malpractice claim when the plaintiff failed to serve the statutorily required notice, pursuant to section 15-1-36(15), at least sixty days before initiating the action. Pitalo v. GPCH-GP, Inc., 933 So.2d 927, 929 (¶¶ 6-7) (Miss.2006). The plaintiff in Pitalo filed a complaint in September 2003 and an amended complaint in June 2004, but she never sent the required notice to the defendants. Id. at 928(¶ 3). Similarly, Pitalo also did not file a certificate with her complaint stating that her attorney had consulted a qualified expert concerning the claim, as required by section 11-1-58. Id.
¶ 16. Relying on its decision in Pitalo, the supreme court recently ruled that dismissal without prejudice was proper when a plaintiff failed to serve notice on a defendant at least sixty days before commencing an action.[3]Arceo v. Tolliver, 949 So.2d 691 (¶ 16) (Miss.2006). Although Tolliver filed a complaint and two amended complaints throughout June and July 2004, the court noted that it was not until November 2004 that she tried to provide the defendants with the statutorily required notice. Id. at (¶ 3).
¶ 17. In the present case, the Nelsons made no effort to serve notice prior to filing the original complaint, so in this respect, it is similar to Pitalo and Arceo. It was not until after Judge Howorth granted an extension of time to serve process *673 that the Nelsons attempted to give the required notice. The Nelsons filed their claim on July 10, 2003, and argue they gave notice on November 10, 2003, sixty days before filing their amended complaint. Nevertheless, they did not provide notice before filing their initial complaint, as required by the statute. Failing to send the notice was an "inexcusable deviation" from the requirements of section 15-1-36(15), and it warrants dismissal. Pitalo, 933 So.2d at 929(¶ 7). Therefore, based on the Nelsons' failure to give notice before filing their initial claim and the recent supreme court decisions in Pitalo and Arceo, we find that it was proper to dismiss the action.
III. The Nelsons failed to provide a certificate stating that their attorney had consulted a professional regarding the claim
¶ 18. A complaint in a medical malpractice suit must be accompanied by a certificate stating that the plaintiff's attorney has consulted a qualified expert concerning the claim and, based upon such consultation, the attorney reasonably believes there is a basis for the action. Miss. Code Ann. § 11-1-58(1) (Rev.2002). In Walker v. Whitfield Nursing Ctr., Inc., 931 So.2d 583, 592(¶ 33) (Miss.2006), the supreme court affirmed the dismissal of an action when the plaintiff did not include a certificate with the complaint and also failed to state that an expert had been consulted until depositions began. The plaintiff in Walker filed her complaint on April 7, 2004, and served the defendants with that complaint on April 14. Id. at 585(¶ 1). Walker never filed the certificate required by section 11-1-58 until September 8, 2005, and then she only did so by attaching it to a response to Whitfield's motion for summary judgment. Id. at 586 (¶¶ 4-7).
¶ 19. The present case is distinguishable from Walker in that the Nelsons clearly had an expert, from whom they received a professional opinion. The court in Walker noted that the plaintiff responded to an interrogatory request by stating that she had not contacted nor consulted an expert regarding the case. Id. at 586(¶ 3). Furthermore, the Nelsons did not wait over a year, and partially into discovery, to remedy their failure to file the certificate. Unlike Walker, at the time the Nelsons served the amended complaint, it included the attorney's certificate. The Hospital, Clinic, and Doctors were not forced to respond to a complaint lacking an attorney's certificate. The Nelsons also attached their certificate to the amended complaint, not to a response to a motion to dismiss, as the plaintiff did in Walker.
¶ 20. The Nelsons did not file the required certificate with their original complaint; therefore, the claim was properly dismissed. We note, however, that the failure to file a certificate in this case is far less egregious than the situation in Walker, which was a claim filed much later after section 11-1-58 came into effect.
IV. Whether the Nelsons properly served process on the Clinic doctors
¶ 21. We do not address this issue because we find that the trial court should have dismissed the original claim for failing to provide the statutorily required sixty days notice; therefore, this issue is moot.
V. Whether the action should be dismissed with or without prejudice
¶ 22. Dismissal without prejudice prevents the plaintiff from being barred from filing a new suit on the same cause of action. Williams v. Mid-South Paving Co., 200 Miss. 103, 121, 25 So.2d *674 792, 798 (1946). On the other hand, dismissal with prejudice, which prevents the plaintiff from bringing a new suit based on the same cause of action, is extreme and harsh, and only the most egregious cases warrant such dismissals. Miss. Dep't of Human Servs. v. Guidry, 830 So.2d 628, 632(¶ 13) (Miss.2002). As previously stated, the supreme court has recently ruled that dismissal without prejudice was proper when a plaintiff failed to serve notice upon medical provider defendants at least sixty days before initiating an action. Arceo at (¶ 16).
¶ 23. The statute at issue in this case had only been in effect a few months when this case was filed, and the Nelsons tried to remedy their failure to comply with those statutes. Their failure to attach the attorney certificate and to file sixty days notice do not rise to the level of egregiousness sufficient to warrant dismissal with prejudice. This is so especially in light of the fact that they attempted to correct those errors before they ever served process. We find, therefore, that the original complaint filed by the Nelsons should be dismissed without prejudice for failing to attach an attorney's certificate and for failing to give prior sixty days notice.
¶ 24. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT IS REVERSED AND THE ACTION IS DISMISSED WITHOUT PREJUDICE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE AND MYERS, P. JJ., IRVING, CHANDLER, GRIFFIS, ROBERTS AND CARLTON, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.
NOTES
[1] The Nelsons' brief states they filed a claim on July 10, but the appellees' brief and the record note that the original complaint was filed on July 9.
[2] It seems they also tried to remedy their earlier errors by giving sixty days notice and then filing an amended complaint with a certificate.
[3] The original August opinion dismissed the action with prejudice, but the supreme court substituted an opinion in November that dismissed the action without prejudice.