MODIFIED OPINION ON MOTION FOR REHEARING
CHANDLER, J.,
for the Court.
¶ 1. The motion for rehearing filed by Leon Stuart (Stuart) is denied. The original opinion issued in this case is withdrawn, and the following opinion is substituted therefor.
¶ 2. Stuart filed a medical malpractice lawsuit under the Mississippi Tort Claims Act (MTCA) against the University of Mississippi Medical Center (UMMC) for the wrongful death of Shirley Stuart. UMMC *653 filed a motion for summary judgment based upon Stuart’s undisputed failure to comply with the ninety-day notice requirement imposed by the MTCA. The Circuit Court of Hinds County granted summary judgment to UMMC based upon University of Mississippi Medical Center v. Easterling, 928 So.2d 815, 819-20(¶22) (Miss. 2006), in which the supreme court adopted a strict compliance standard for the ninety-day notice requirement.
¶ 3. Stuart appeals, arguing that summary judgment was improper because: (1) UMMC waived any objection it had to Stuart’s failure to comply with the notice requirement, and (2) the holding of Easter-ling should not have been applied retroactively. We find that Easterling applied retroactively and that, under the dictates of Easterling, summary judgment was appropriate. Therefore, we affirm.
FACTS
¶4. On December 4, 2003, Stuart hand delivered a notice of claim to the chief executive officer of UMMC. The notice of claim alleged that Shirley arrived at the hospital on December 10, 2002, and was diagnosed with congestive heart failure, but she died of a pulmonary embolism the next day. The notice alleged that UMMC’s staff negligently failed to detect and treat Shirley’s pulmonary embolism, proximately causing her death.
¶ 5. Stuart filed his wrongful death complaint on January 14, 2004, forty-one days after filing the notice of claim. UMMC filed an answer and its defenses. UMMC’s second defense stated that: “UMMC reserves all rights and defenses accorded to it pursuant to Miss.Code Ann. § 11-46-1 et seq., including but not limited to bar of limitations.... ” The case proceeded through some discovery. The supreme court handed down Easterling on April 6, 2006, and issued its mandate on July 6, 2006. In Easterling, the supreme court affirmed the dismissal of a suit under the MTCA due to the plaintiffs failure to comply with the MTCA’s requirement that a plaintiff file a notice of claim with the chief executive officer of a governmental entity ninety days prior to maintaining an action thereon. Easterling, 928 So.2d at 820(¶ 24); see Miss.Code Ann. § 11^46-11(1) (Rev.2002). On July 14, 2006, UMMC filed a motion for summary judgment on the basis of Easterling’s holding that “[t]he ninety-day notice requirement under section 11-46-11(1) is a ‘hard-edged, mandatory rule which the Court strictly enforces.’ ” Easterling, 928 So.2d at 820(¶ 23) (quoting Ivy v. Gen. Motors Acceptance Corp., 612 So.2d 1108, 1116 (Miss. 1992)). Easterling relied upon two prior cases, Davis v. Hoss, 869 So.2d 397 (Miss. 2004) and Wright v. Quesnel, 876 So.2d 362 (Miss.2004). Easterling, 928 So.2d at 816(¶ 2). In each of these cases, the supreme court affirmed the dismissal of a MTCA claim in part because the plaintiff had not waited ninety days before filing the complaint. Davis, 869 So.2d at 401-02(¶ 13); Wright, 876 So.2d at 366(¶9). UMMC argued that because Stuart did not strictly comply with section 11-46-11(1) by filing his complaint after only forty-one days of filing the notice of claim, his case was subject to dismissal pursuant to East-erling.
¶ 6. Stuart filed a response to UMMC’s motion for summary judgment. Stuart admitted that under the current law, summary judgment was appropriate. He argued that his complaint could not be dismissed because it was not governed by the current law, but rather by the law as it existed at the time the complaint was filed. Under that prior law, the remedy for a failure to comply with the ninety-day waiting period was an order staying the lawsuit until the governmental entity obtained *654 the benefit of the waiting period. Williams v. Clay County, 861 So.2d 953, 977 (¶ 100) (Miss.2003); Jackson v. City of Wiggins, 760 So.2d 694, 696(¶3) (Miss. 2000); Jones ex tel. Jones v. Miss. Sch. for the Blind, 758 So.2d 428, 429(¶ 4) (Miss. 2000); Jackson v. City of Booneville, 738 So.2d 1241, 1246(¶ 21) (Miss.1999); City of Pascagoula v. Tomlinson, 741 So.2d 224, 228(¶ 11) (Miss.1999). However, if the governmental entity failed to request a stay, the issue was waived. Leflore County v. Givens, 754 So.2d 1223, 1232(¶25) (Miss.2000); Tomlinson, 741 So.2d at 229(¶ 11). Relying on this case law, Stuart contended that UMMC’s failure to request a stay waived the issue of the plaintiffs noncompliance with the ninety-day notice requirement. He alternatively contended that Easterling should not be applied retroactively.
¶ 7. The circuit court noted that under the law as it formerly stood, UMMC’s sole remedy for Stuart’s noncompliance with the ninety-day notice requirement was a stay, and its failure to request a stay waived the issue. However, the circuit court recognized that the cases so holding had been specifically overruled by Easter-ling, which mandated the dismissal of Stuart’s complaint because he had failed to strictly comply with the ninety-day notice requirement. Accordingly, the circuit court granted UMMC’s motion for summary judgment.
STANDARD OF REVIEW
¶ 8. Under Mississippi Rule of Civil Procedure 56(c), summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” The evidence is considered in the light most favorable to the non-moving party. Russell v. Orr, 700 So.2d 619, 622(¶ 8) (Miss.1997). This Court reviews the grant or denial of summary judgment de novo. Lejfler v. Sharp, 891 So.2d 152, 156(¶ 9) (Miss.2004).
LAW AND ANALYSIS
I. WHETHER UMMC WAIVED THE DEFENSE OF STUART’S NONCOMPLIANCE WITH THE NINETY-DAY NOTICE REQUIREMENT.
¶ 9. Stuart advances several arguments supporting the proposition that pri- or to the supreme court’s Easterling decision, UMMC waived its defense of Stuart’s noncomplianee with the ninety-day notice period. First, Stuart argues that, under the law then in effect, UMMC’s failure to request a stay of the proceedings caused its waiver of the defense of Stuart’s noncompliance with the ninety-day notice period. See Tomlinson, 741 So.2d at 228-29(¶ 11). Stuart contends that the defense, once waived, could not have been “unwaived” by the Easterling decision. Second, Stuart argues that UMMC waived the defense pursuant to Mississippi Rule of Civil Procedure 8(c) by failing to raise the defense in its answer. Thud, Stuart contends that even if UMMC properly raised the defense, it waived the defense by failing to request a stay and then actively participating in the litigation for over two years as discussed in MS Credit Ctr., Inc. v. Horton, 926 So.2d 167, 179-81 (¶¶ 39-46) (Miss.2006). Horton concerned the defendant’s waiver of the right to compel arbitration, not notice under the MTCA. Id. at 179(¶ 39). In Horton, the supreme court held that: “A defendant’s failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active par *655 ticipation in the litigation process, will ordinarily serve as a waiver.” Id. at 180(¶ 44). Absent extreme and unusual circumstances, “an eight month unjustified delay in the assertion and pursuit of any affirmative defense,” along with active participation in the litigation, will result in a waiver. Id. at 181(¶ 45).
¶ 10. UMMC effectively asserted the affirmative defense of Stuart’s failure to comply with MTCA time limits by stating in its answer that it “reserves all rights and defenses accorded to it pursuant to Miss.Code Ann. § 11-46-1 et seq., including but not limited to bar of limitations....” M.R.C.P. 8(c). Stuart’s other waiver arguments are rendered moot by the fact that Easterling had a retroactive effect, as will be further discussed in Issue II. Unless otherwise specified, decisions of the Mississippi Supreme Court are presumed to have a retroactive effect. Miss. Transp. Comm’n v. Ronald Adams Contractor, Inc., 753 So.2d 1077, 1093(¶54) (Miss.2000). “When this Court has held a ruling to apply only to cases subsequent to the opinion, it has specifically stated that the ruling is prospective in nature.” Id. A ruling with a retroactive effect is applied to all cases pending when the change in the law occurs. Thompson v. City of Vicksburg, 813 So.2d 717, 721(¶ 15) (Miss. 2002). This case was pending at the time the Easterling decision imposed a strict compliance standard for the ninety-day notice requirement. The Easterling court did not specifically state that its holding applied prospectively only. Therefore, this Court must apply Easterling’s rule of strict compliance, not pre-Easterling precedent, to the facts of this case. UMMC’s motion for summary judgment was promptly filed after the Easterling decision became final. Stuart’s waiver arguments are without merit.
II. WHETHER EASTERLING SHOULD HAVE BEEN APPLIED RETROACTIVELY.
¶ 11. Stuart contends that Easterling should not be applied retroactively because to do so would be inequitable. In support of this proposition, Stuart cites Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), which our supreme court relied upon to determine a question concerning decisional retroactivity in Presley v. Mississippi State Highway Commission, 608 So.2d 1288, 1299-1301 (Miss. 1992). Chevron articulated a three-factor test for determining questions of whether a decision should be prospectively applied:
In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonret-roactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see, e.g., Hanover Shoe v. United, Shoe Machinery Corp., supra, [392 U.S. 481] at 496[, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968)], or by deciding an issue of first impression whose resolution was not clearly foreshadowed, see, e.g., Allen v. State Board of Elections, supra, [393 U.S. 544] at 572[, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969)]. Second, it has been stressed that “we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.” Linkletter v. Walker, supra, [381 U.S. 618] at 629[, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965)]. Finally, we have weighed the inequity imposed by retroactive application, for “where a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our eases for avoiding the ‘injustice or hardship’ by a *656 holding of nonretroactivity.” Cipriano v. City of Houma, supra, [395 U.S. 701] at 706[, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969)].
Chevron, 404 U.S. at 106-07, 92 S.Ct. 349.
¶ 12. Stuart contends that under Chevron, prospective application of Easterling is appropriate in this case. He argues that Easterling clearly overruled past precedent on which he and other litigants relied. Stuart argues that Easterling’s decision was not clearly foreshadowed because Davis and Wright, on which Easterling relied, were decided after he filed the complaint. Stuart also contends that retrospective application of Easterling would be inequitable because he filed the complaint in reliance upon pre-Easterling precedent.
¶ 13. Stuart’s argument fails to acknowledge that Chevron was significantly limited by James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), as recognized by our supreme court in Ronald Adams Contractor. Ronald Adams Contractor, 753 So.2d at 1093(¶ 56). James B. Beam held that, “where a court applies the new rule of law in the case in which it is pronounced, the Chevron rationale does not apply to allow the court to return to the old rule with respect to all other cases arising on facts predating the pronouncement.” Id. at 1094(¶ 56) (citing James B. Beam, 501 U.S. at 538, 111 S.Ct. 2439). The supreme court analyzed the holding, stating:
The Court explained that because it had, in Bacchus [Imports, Ltd. v. Dias, 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984)], applied the new rule of law to the parties before the Court, principles of equity and stare decisis mandate that it must apply the new rule of law to all others. James B. Beam, 501 U.S. at 540, 111 S.Ct. at 2446. The Court stated that similarly situated litigants should be treated the same both in the criminal context and in the civil context, and that substantive law will not “shift and spring” on the particular equities of a particular case. James B. Beam, 501 U.S. at 540, 543, 111 S.Ct. at 2446-47. The Court stated, “Once retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application .... ” James B. Beam, 501 U.S. at 543, 111 S.Ct. at 2448.

Id.

¶ 14. Easterling applied its holding establishing strict compliance with the ninety-day waiting period to the litigants before the court. Easterling, 928 So.2d at 820(¶ 24). Therefore, this Court “may not now selectively apply that holding.” Ronald Adams Contractor, 753 So.2d at 1094(¶ 57). Notwithstanding Stuart’s reliance upon extant case law at the time he filed the complaint, we are bound to retroactively apply the rule of strict compliance to his case. To do otherwise would be to afford Stuart more favorable treatment than that received by the similarly situated Easterling. This issue is without merit.
III. WHETHER THE COMPLAINT WAS PROPERLY DISMISSED WITH PREJUDICE.
¶ 15. Stuart next argues that instead of granting summary judgment, the circuit court should have dismissed his complaint without prejudice. Stuart recognizes that Easterling affirmed the grant of summary judgment where the plaintiff did not strictly comply with the MTCA’s ninety-day notice requirement. He argues that under Arceo v. Tolliver, 949 So.2d 691 (Miss. 2006), and Nelson v. Baptist Memorial Hospital-North Mississippi, Inc., 972 So.2d 667 (Miss.Ct.App.2007), both decided subsequent to Easterling, this Court should reverse the grant of summary judgment and render a dismissal of his complaint without prejudice.
*657 ¶ 16. We are compelled to reject Stuart’s argument because the cases upon which he relies were not governed by the MTCA. Both Arceo and Nelson involved the dismissal of medical malpractice actions for the failure to comply with the sixty-day notice provision of Mississippi Code Annotated section 15-1-36(15) (Rev. 2003). Arceo, 949 So.2d at 692(¶2); Nelson, 972 So.2d at 670(¶ 3). In Arceo, the supreme court rendered a dismissal without prejudice as the remedy for the plaintiffs failure to abide by the sixty-day notice requirement under section 15-1-36(15). Arceo, 949 So.2d at 697-98(¶ 16). In Nelson, this Court, relying on Arceo, explained that:
Dismissal without prejudice prevents the plaintiff from being barred from filing a new suit on the same cause of action. Williams v. Mid-South Paving Co., 200 Miss. 103,121, 25 So.2d 792, 798 (1946). On the other hand, dismissal with prejudice, which prevents the plaintiff from bringing a new suit based on the same cause of action, is extreme and harsh, and only the most egregious cases warrant such dismissals. Miss. Dep’t of Human Servs. v. Guidry, 830 So.2d 628, 632(¶13) (Miss.2002). As previously stated, the supreme court has recently ruled that dismissal without prejudice was proper when a plaintiff failed to serve notice upon medical provider defendants at least sixty days before initiating an action. Arceo, 949 [So.2d] at [697-98](¶ 16).
The statute at issue in this case had only been in effect a few months when this case was filed, and the Nelsons tried to remedy their failure to comply with those statutes. Their failure to attach the attorney certificate and to file sixty[-]days[’] notice do not rise to the level of egregiousness sufficient to warrant dismissal with prejudice. This is so especially in light of the fact that they attempted to correct those errors before they ever served process. We find, therefore, that the original complaint filed by the Nelsons should be dismissed without prejudice for failing to attach an attorney’s certificate and for failing to give prior sixty[-]days[’] notice.
Nelson, 972 So.2d at 673-74 (¶¶ 22-23).
¶ 17. Stuart argues that there were no egregious circumstances apparent in this case that should warrant the harsh sanction of the dismissal of his complaint with prejudice. We agree that if this case were not subject to the provisions of the MTCA, then dismissal without prejudice would be warranted. However, this case is governed by the MTCA, and this Court is bound to adhere to the supreme court’s precedent interpreting the MTCA. 1704 21st Ave., Ltd. v. City of Gulfport, 988 So.2d 412, 417 n. 3 (Miss.Ct.App.2008) (citing Carr v. State, 942 So.2d 816, 817(¶ 4) (Miss.Ct.App.2006)). This Court is not “empowered to reverse the precedent surrounding the issue presented.” Id. The supreme court’s most recent pronouncement on the remedy for violation of the MTCA’s ninety-day notice requirement is Easterling, which affirmed the grant of summary judgment. We have already determined that Stuart’s case is governed by the retroactive ruling of Easterling and as discussed in Issue II, we may not selectively apply Easterling’s holding. Therefore, we hold that summary judgment was appropriate.
¶ 18. THE MOTION FOR REHEARING IS DENIED. THE ORIGINAL OPINION ISSUED IN THIS CASE IS WITHDRAWN, AND THIS OPINION IS SUBSTITUTED THEREFOR. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS AP *658 PEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.