# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00346-COA

| | |
|---|---|
| **MYRTLE BOOTH, AS EXECUTRIX OF THE ESTATE OF GLADYS GARDNER, DECEASED, INDIVIDUALLY, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF GLADYS GARDNER** | **APPELLANT** |

v.

| | |
|---|---|
| **STEVEN C. WILLIAMS, M.D., SOUTHWEST SURGICAL SPECIALISTS, LLC AND WILLIAM N. DIXON, M.D. D/B/A W.N. DIXON MD, PA** | **APPELLEES** |

| | |
|---|---|
| DATE OF JUDGMENT: | 02/04/2015 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JANESSA EMONTAN BLACKMON |
| ATTORNEYS FOR APPELLEES: | GEORGE F. BLOSS III |
| | J. ROBERT RAMSAY |
| | MARY MARGARET KUHLMANN |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| TRIAL COURT DISPOSITION: | GRANTED THE APPELLEES' MOTION TO DISMISS |
| DISPOSITION: | AFFIRMED - 08/16/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., CARLTON AND FAIR, JJ.

### CARLTON, J., FOR THE COURT:

¶1. Myrtle Booth, as executor of Gladys Gardner's estate, filed a wrongful-death lawsuit against Dr. Steven C. Williams, Southwest Surgical Specialists LLC, and Dr. William N. Dixon d/b/a W.N. Dixon MD, PA (collectively, the Defendants). The Pike County Circuit Court granted the Defendants' motion to dismiss Booth's complaint, and Booth appeals.

¶2.    The critical question before this Court is whether the circuit court abused its discretion by setting aside its two previous orders that granted Booth extensions of time to effectuate service of process. Upon review, we find no abuse of discretion by the circuit court in setting aside its prior order granting Booth's second request for an extension. We therefore affirm the judgment of the circuit court. In so doing, we affirm the circuit court's grant of the Defendants' motion to dismiss with prejudice under Mississippi Rule of Civil Procedure 12(b)(6) since the applicable statute of limitations expired without timely service of process in accordance with Mississippi Rule of Civil Procedure 4(h).[1]

**FACTS**

¶3.    According to Booth's complaint, the decedent, Gardner, consulted Dr. Dixon to schedule a date to remove her feeding tube. Instead of scheduling the procedure for another date, however, the complaint alleged that Dr. Dixon removed the feeding tube during Gardner's visit without obtaining Gardner's consent. The complaint further stated that, after Dr. Dixon removed the feeding tube, Gardner developed a blockage in her bowels. Gardner subsequently went to Southwest Regional Medical Center, where Dr. Williams performed surgery to remove the blockage. On December 24, 2011, Gardner underwent a second

---

[1] *See Johnson v. Thomas ex rel. Polatsidis*, 982 So. 2d 405, 413-15 (¶¶24, 29) (Miss. 2008) (finding no abuse of discretion and affirming the circuit court's dismissal with prejudice where, at the time the dismissal was granted and the prior order granting an extension of time for service of process was set aside, the statute of limitations had already expired); *Stephens v. Equitable Life Assurance Soc'y of the U.S.*, 850 So. 2d 78, 86 (¶¶27-28) (Miss. 2003) (affirming the circuit court's dismissal of a case with prejudice under Rule 12(b)(6) where the applicable statute of limitations had expired and barred the claims).

surgery at St. Dominic Hospital to repair a blockage in her bowels. On February 9, 2012, Gardner died.

¶4. On January 6, 2014, Booth filed a wrongful-death lawsuit against the Defendants. Pursuant to Rule 4(h), Booth possessed until May 6, 2014, or 120 days from the time she filed her complaint, to serve the Defendants with process. *See* M.R.C.P. 4(h). On April 22, 2014, prior to the 120-day deadline to effectuate service of process, Booth filed an ex parte motion asking the circuit court to grant her a 120-day extension to serve process. On April 30, 2014, the circuit court entered an order granting Booth's request and extending Booth's deadline by 120 days until September 3, 2014. The record reflects that the circuit court granted this first extension within the initial 120-day deadline provided by Rule 4(h) for service of process.

¶5. Then, on August 28, 2014, Booth filed a second ex parte motion for an extension and requested an additional sixty days to serve the Defendants with process. The record reflects that Booth filed the motion seeking the second extension within the time extension previously granted by the circuit court. The circuit court again granted Booth's motion. As stated, the first extension expired on September 3, 2014. On September 9, 2014, Booth served Dr. Dixon. Two days later, on September 11, 2014, she served Dr. Williams and Southwest Surgical Specialists.

¶6. On October 8, 2014, Dr. Dixon filed a motion to dismiss Booth's complaint. Dr. Williams and Southwest Surgical Specialists joined Dr. Dixon's dismissal motion. The

Defendants argued that Booth failed to show good cause for her failure to serve them with process within the time provided by Rule 4(h). In addition, the Defendants asserted that Booth never even attempted to have summonses issued against them until August 21, 2014, at which point they contended that the statute of limitations had already expired.

¶7. On January 22, 2015, Booth filed a response to the Defendants' motion to dismiss. The circuit court then heard the Defendants' motion to dismiss on January 26, 2015. At the hearing, Booth's attorney, Janessa Blackmon, explained that Booth had hired Chestnut Law Firm (Chestnut), a Florida-based firm, to represent her. Blackmon further stated that Chestnut associated Blackmon's firm as local Mississippi counsel on the case. After filing Booth's lawsuit, Blackmon claimed that her firm had a difference of opinion with Chestnut. As a result, prior to the 120-day service-of-process deadline, Blackmon stated that her firm informed Chestnut of its intention to withdraw from the matter. However, the record reflects that Blackmon's firm never filed a motion to withdraw in the circuit court.

¶8. According to Blackmon, Chestnut promised to enter an appearance in the case and associate other local counsel to represent Booth. However, Blackmon asserted that Chestnut never fulfilled either of these promises. Due to Chestnut's repeated assurances, Blackmon asserted that her firm withheld from serving process on the Defendants. After Chestnut's continued inaction in the matter, though, Blackmon said her firm took steps to obtain the two extensions for the time period to effect service of process on the Defendants.

¶9. After hearing the motion to dismiss, the circuit court ruled in favor of the Defendants

4

and set aside its two prior orders extending time for service of process. The circuit court found that the 120-day period for service of process provided by Rule 4(h) expired on May 6, 2014. Following the expiration of the 120 days, the circuit court determined that the remaining time under the relevant statute of limitations recommenced but then expired "by or before August 3, 2014." The circuit court further concluded that no good cause existed for either of Booth's requested extensions because she failed to show that she made a diligent effort to timely effectuate service. The circuit court found that Booth never even requested that the circuit court clerk issue service of process until August 21, 2014, or over seven months after filing her complaint. The circuit court concluded that, "since there was not even an attempt to have process issued by the [C]lerk of the Court prior to the relevant period expiring, . . . the extensions were improvidently and improperly granted . . . ."

¶10. Based on its findings, the circuit court determined that it would be an abuse of discretion to not set aside the April 30, 2014 and August 28, 2014 orders granting Booth the extensions for service of process. The circuit court therefore set aside the two prior orders and dismissed with prejudice Booth's complaint against the Defendants. Aggrieved by the circuit court's dismissal of her complaint, Booth appeals.

**STANDARD OF REVIEW**

¶11. Mississippi caselaw establishes the following:

> [Appellate courts] review a trial court's decision on whether to set aside an order granting an extension of time for abuse of discretion. [The appellate c]ourt leaves to the discretion of the trial court the finding of fact on the existence of good cause or excusable neglect for delay in serving process

5

under Rule 4(h). [The appellate court] will reverse if the trial court's discretion was abused or its decision was not supported by substantial evidence. [Appellate courts] apply de novo review to the grant or denial of a motion to dismiss . . . .

*Copiah Cty. Sch. Dist. v. Buckner*, 61 So. 3d 162, 165-66 (¶12) (Miss. 2011) (internal citations and quotation marks omitted).

¶12. We also acknowledge that, in the interest of judicial economy, it is customary practice for this Court "to affirm a decision of the circuit court that reached the right result, but for the wrong reason." *Flowers v. State*, 978 So. 2d 1281, 1285 (¶13) (Miss. Ct. App. 2008) (citing *Jackson v. State*, 811 So. 2d 340, 342 (¶6) (Miss. Ct. App. 2001)).

**DISCUSSION**

¶13. On appeal, Booth asserts that the circuit court erroneously granted the Defendants' motion to dismiss. According to Booth, she showed cause to support her first requested extension of the service-of-process deadline and then showed good cause to support her second extension request. Booth therefore asks this Court to reverse the circuit court's judgment.

¶14. In *Nelson v. Baptist Memorial Hospital-North Mississippi Inc.*, 972 So. 2d 667, 670-71 (¶¶8-9) (Miss. Ct. App. 2007), this Court stated:

> Rule 4(h) requires a plaintiff to serve the summons and complaint on a defendant within 120 days of filing a complaint; otherwise, the judge must dismiss the action without prejudice. Under Mississippi Rules of Civil Procedure Rule 6(b), a court may extend the time a party has to act *(1) for cause shown, if within the initial time period*, or (2) upon a finding of excusable neglect after the expiration of the time period. A court may grant an extension of time under Rule 6(b), if within the initial 120[-]day time

6

period, without motion and without notice. *Accordingly, a judge may grant an extension of time to serve process under Rule 4(h) prior to the expiration of the original 120 days for service without a showing of good cause.* Only after the expiration of the original 120 days must the plaintiff show good cause to receive an extension of time to serve process. An application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party.

Assuming proper service of process, filing a complaint tolls the statute of limitations until a suit's dismissal. The date a plaintiff files an action is the relevant date for statute of limitation purposes, taking into consideration extensions of time to serve process.

(Internal citations and quotation marks omitted) (emphasis added).

¶15. Mississippi caselaw recognizes that "[t]he plaintiff bears the burden to demonstrate good cause for a failure to serve process in a timely manner." *Buckner*, 61 So. 3d at 166 (¶14) (citation omitted).[2] As the *Buckner* court stated:

To establish good cause[,] the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. To meet the burden of proof of good cause, the plaintiff must demonstrate that a diligent effort was made to effect timely service. The plaintiff must show more than that service failed due to simple inadvertence or mistake of counsel or ignorance of the rules. This Court has held that[:]

[G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in [a] timely fashion is a result of the conduct of a third person, typically the process

---

[2] *See also* M.R.C.P. 4(h) ("If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."); M.R.C.P. 6(b) (discussing enlargement of time).

server, the defendant has evaded service of process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service, or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

*Id.* at (¶¶14-15) (internal citations and quotation marks omitted).

## I.     Booth's First Request to Extend the Service-of-Process Deadline

¶16.    In the present case, Booth argues that she showed cause to obtain the first extension of the service-of-process deadline.[3] Booth further contends that she requested the first service-of-process extension prior to the initial 120-day deadline on May 6, 2014. In addition, Booth asserts that the Defendants never alleged that she sought the extension in bad faith or that the extension prejudiced them. A review of relevant caselaw and the facts in the record support Booth's argument that the initial extension fell within the circuit court's discretion to grant and that Booth only needed to show "cause" to obtain the initial extension.[4] We now turn to an application of relevant caselaw to the facts surrounding the first extension of time.

¶17.    After filing the complaint against the Defendants on January 6, 2014, Booth possessed 120 days under Rule 4(h), or until May 6, 2014, to serve the Defendants with process. On April 22, 2014, prior to the expiration of Rule 4(h)'s 120-day deadline, Booth filed a request for a 120-day extension for service of process as allowed by Rule 6(b). On April 30, 2014,

---

[3] *See* M.R.C.P. 6(b).

[4] *See Nelson*, 972 So. 2d at 670-71 (¶8); M.R.C.P. 6(b).

8

the circuit court approved Booth's initial extension request.

¶18.    Since Booth requested her first time extension within the initial 120 days provided by Rule 4(h), jurisprudence and our applicable procedural rules reflect that the circuit court possessed the discretion to enlarge the time for service of process based upon "cause" shown. *See Nelson*, 972 So. 2d at 670-71 (¶8); M.R.C.P. 6(b).  However, in later setting aside its order granting the first extension, the circuit court found that no "good cause" supported the request for the first extension.  Thus, in granting the Defendants' motion to dismiss Booth's complaint, the circuit court applied an erroneous legal standard as to its order granting the first extension since the court required a showing of "good cause" when Rule 6(b) required only "cause."  *See id.*

¶19.    We review de novo a circuit court's grant of a motion to dismiss. *Buckner*, 61 So. 3d at 166 (¶12).  In so doing, we find that the circuit court here abused its discretion by setting aside its prior order granting Booth the initial extension to effect service of process. *See id.* at 165 (¶12).[5]  As discussed, our caselaw establishes that, because Booth requested the first extension for  service of process within the initial 120 days provided by Rule 4(h), she only needed to show cause, rather than good cause, to support her motion.  *See Nelson*, 972 So. 2d at 670-71 (¶8).  The record reflects that Booth met her burden to show cause for the initial

---

[5] *See also Collins v. Westbrook*, 184 So. 3d 922, 930 (¶22) (Miss. 2016) (finding that the trial court abused its discretion when the court found the plaintiff failed to show good cause for not serving the defendant within 120 days of filing her complaint).

9

120-day extension. *See id.*[6] The record further reflects that the circuit court's order granting the initial extension request tolled the statute of limitations and extended Booth's service-of-process deadline until September 3, 2014. We now turn to address whether the circuit court also abused its discretion by setting aside the prior order granting Booth a second extension of time to effect service of process.

## II. Booth's Second Request to Extend the Service-of-Process Deadline

¶20. In addition to arguing that she showed cause to support her initial extension request, Booth also claims that, due to the alleged conduct of Chestnut, her out-of-state counsel, good cause supported her second extension request. Booth contends that the circuit court therefore further abused its discretion by setting aside the second order granting her a 60-day extension for service of process. Arguing that both of her extension requests were properly granted, Booth contends that her time to effect service of process expired after she had already served the Defendants. Booth therefore asserts that the circuit court erroneously granted the Defendants' motion to dismiss her complaint for lack of timely service of process.

¶21. To support her claim that she possessed good cause for her second extension request, Booth relies on *Foss v. Williams*, 993 So. 2d 378 (Miss. 2008). However, due to the facts in the present case, we find Booth's reliance on *Foss* misplaced. In *Foss*, the plaintiff served

---

[6] The Mississippi Supreme Court has explained that a diligent plaintiff should file a motion for additional time prior to the expiration of the 120-day service-of-process deadline. *Montgomery v. SmithKline Beecham Corp.*, 910 So. 2d 541, 545 (¶14) (Miss. 2005). Even though Rule 4(h) does not require a motion, such diligence supports an assertion that good cause exists. *Id.*

one of the defendants named in her complaint 121 days after filing the complaint. *Id.* at 379 (¶2). In arguing that good cause existed for serving the defendant one day after the time period expired, the plaintiff's attorney argued that "he had associated local counsel whom he believed was responsible for serving process." *Id.* at (¶5). However, the local attorney failed to initiate service, and the plaintiff's attorney only discovered the failure 118 days after the complaint was filed. *Id.* The plaintiff's attorney immediately sought to have the defendants served, and the local attorney later withdrew from the case. *Id.*

¶22. Based on the facts presented, the circuit court in *Foss* found the plaintiff demonstrated good cause. *Id.* Affirming the circuit court's ruling, the supreme court acknowledged the fault of a third party in stating that the plaintiff's failure to timely serve process "was caused by the actions of the local attorney who later withdrew from the case." *Id.* at (¶7). Furthermore, the supreme court stated that, "[u]pon learning of co-counsel's failure, [the plaintiff's attorney] took immediate action and served the other three defendants within the 120[-]day time period." *Id.* at 379-80 (¶7).

¶23. Booth claims her case is similar to the facts presented in *Foss* since her local attorney relied on promises made by Chestnut, the out-of-state counsel, that Chestnut would obtain other local representation for Booth. According to Booth's argument, "*Foss* established that a conflict with co-counsel is sufficient to establish good cause where good cause is necessary to get an extension of time . . . . " Booth therefore asks this Court to find that good cause supported her second requested extension of the service-of-process deadline. Despite

11

Booth's assertions, we find *Foss* distinguishable from the present case. Booth's local counsel constituted the counsel of record from the beginning of the action, and the record supports the circuit court's finding that, as counsel of record, Blackmon failed to take steps to timely effect service of process or to show good cause for the failure to timely serve process.

¶24. In a recent case, the supreme court discussed the facts and holding reached in *Foss*. *Collins*, 184 So. 3d at 931 (¶25). In *Collins*, the supreme court explained that good cause is more likely to be found where a plaintiff's failure to effect timely service of process results from the actions of a third party. *Id.* at 930 (¶20). As the *Collins* court discussed, in *Foss*, the failure to effect timely service was the fault of the plaintiff's local attorney, who was associated by the plaintiff's counsel for the purpose of serving process. *Id.* at 931 (¶25) (citing *Foss*, 993 So. 2d at 379 (¶5)). In the present case, the record reflects that Booth and her local counsel, Blackmon, attempted to shift blame to out-of-state counsel for Blackmon's own failure to timely effect service of process. We note, however, that the record shows that no counsel other than Blackmon's firm entered an appearance in this case on Booth's behalf.

¶25. With respect to the procedural history in this case, the record shows that Booth filed a motion on August 28, 2014, and she requested a second extension of the service-of-process deadline. Also on August 28, 2014, the circuit court entered its order approving Booth's second extension request. Even though Booth filed her ex parte motion for the second extension prior to the expiration of the first extension, jurisprudence establishes that she was

12

still required to support her second requested extension with a showing of excusable neglect or good cause. *See Johnson v. Thomas ex rel. Polatsidis*, 982 So. 2d 405, 413 (¶24) (Miss. 2008); *Nelson*, 972 So. 2d at 670-71 (¶8).

¶26. Precedent establishes that a circuit court's findings of fact as to the existence of good cause for a delay in service constitutes a discretionary ruling entitled to deferential review on appeal. *Buckner*, 61 So. 3d at 165-66 (¶12). "'Good cause' can never be demonstrated where [the] plaintiff has not been diligent in attempting to serve process." *Spurgeon v. Egger*, 989 So. 2d 901, 907 (¶21) (Miss. Ct. App. 2007) (citing *Montgomery*, 910 So. 2d at 545 (¶13)). To demonstrate good cause, "a plaintiff must show that he or she has been unable to serve process because the defendant evaded process or engaged in misleading conduct, or for some other acceptable reason." *Id.* (citing *Montgomery*, 910 So. 2d at 545 (¶13)). When reviewing the circuit court's fact-based findings, we only examine whether the circuit court abused its discretion and whether the record contained substantial credible evidence to support the decision. *Buckner*, 61 So. 3d at 165-66 (¶12).

¶27. In *Lewis Entertainment Inc. v. Brady*, 142 So. 3d 396, 399 (¶9) (Miss. 2014), the supreme court explained the plaintiff's burden to show good cause. The supreme court stated that the following factors should be considered in a good-cause determination:

a. the conduct of a third person, typically the process server,

b. [whether] the defendant has evaded service of . . . process or engaged in misleading conduct,

c. [whether] the plaintiff acted diligently in trying to effect service or there are

13

understandable mitigating circumstances, or

d. [whether] the plaintiff is proceeding pro se or in forma pauperis.

*Id.* (citation omitted).

¶28.    In *Johnson*, the supreme court established "that[,] once a party has received a first extension of time under Rule 4(h) in which to serve process, a second or subsequent extension of time to effectuate service of process may be granted by the trial court only upon a showing of 'good cause.'" *Johnson*, 982 So. 2d at 413 (¶24).  Thus, supreme court precedent clearly holds that Booth was required to support her request for a second time extension with good cause and that the determination of whether good cause existed constituted a question of fact for the circuit court.  *See id.*[7]

¶29.    We also find that, when Booth's attorney submitted the second ex parte request for an extension of the service-of-process deadline, the attorney possessed an obligation to inform the circuit court of all the material facts related to the alleged conflict with Booth's out-of-state counsel, Chestnut.  *See id.* at (¶25).  *See also* Miss. R. Prof. Conduct 3.3(d) ("In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.").  As the record reflects, however, in granting Booth's second request for an extension, the circuit court lacked all the necessary material facts, including Blackmon's

---

[7] *See also Powe v. Byrd*, 892 So. 2d 223, 225-26 (¶6) (Miss. 2004); *Davis v. S. Sunflower Cty. Hosp.*, 956 So. 2d 1103, 1104-05 (¶¶7-8) (Miss. Ct. App. 2007).

14

assertion that she intended to withdraw from the case. Upon review of its prior order, the circuit court possessed the discretion to determine that no good cause supported the order granting the second extension. *See Johnson*, 982 So. 2d at 413 (¶24).[8]

¶30. As acknowledged, the record shows that no firm other than Blackmon's firm ever entered an appearance in this case as Booth's counsel of record. Moreover, Blackmon submitted no affidavits or other supporting evidence to the circuit court to support her firm's claim that Booth had, in fact, hired out-of-state counsel.[9] Instead, the record reflects that Blackmon, acting as Booth's counsel of record, filed Booth's complaint. Blackmon's firm also filed the two requests on Booth's behalf for extensions of the time to effect service of process. Then, on January 22, 2015, just four days before the hearing on the Defendants' motion to dismiss, Blackmon's firm, still acting as Booth's counsel of record, filed a response to the dismissal motion.

¶31. In her January 22, 2015 response to the motion to dismiss, Booth asserted for the first time that a conflict had arisen between Blackmon, her local counsel, and Chestnut, her out-of-state counsel. At the hearing on the motion to dismiss, Blackmon claimed that the alleged

---

[8] *See also Powe*, 892 So. 2d at 226-27 (¶¶9, 13) (finding no error in the circuit court's holding that the plaintiff failed to show good cause or diligence in not timely effecting service where process was not served because the plaintiff waited until the last day of the 120-day period to contact the process server).

[9] *See Kingston v. Splash Pools of Miss. Inc.*, 956 So. 2d 1062, 1065 (¶11) (Miss. Ct. App. 2007) ("Our supreme court has stated that the court 'cannot rely solely on an inference based upon the unsworn statement of an attorney made during argument at a hearing without any evidence to support his assertion of fact.'" (quoting *Smith Cty. Sch. Dist. v. McNeil*, 743 So. 2d 376, 379 (¶11) (Miss. 1999))).

conflict with Chestnut had occurred prior to the expiration of the initial 120-day time period to effect service of process.[10] Blackmon also asserted that her firm had informed Chestnut of its intent to withdraw.

¶32.    As the record reflects, though, Chestnut entered no appearance in the case, and Blackmon's firm filed no motion with the circuit court to withdraw as Booth's counsel of record.  Blackmon also failed to inform the circuit court of any alleged conflict of interest or of her firm's intent to withdraw when requesting the ex parte extensions.  Thus, in obtaining the ex parte extensions for Booth, the record clearly shows that Blackmon failed to inform the circuit court of all the material facts.  Despite Blackmon's claims that Booth had hired out-of-state counsel to represent her, Blackmon's firm remained throughout the proceedings as counsel of record.  Since Blackmon's firm remained counsel of record in this case, the firm retained the responsibility to fulfill all the duties of legal representation of counsel of record, including the duty to effectuate service of process.  *See Montgomery*, 910 So. 2d at 548 (¶26).  In addition to these facts, the record reflects that the circuit clerk received no requests from Booth to issue process until August 21, 2014.[11]

¶33.    Upon subsequently hearing the Defendants' motion to dismiss, and upon being

---

[10] *See Johnson*, 982 So. 2d at 413 (¶25) (recognizing an attorney's duty in an ex parte proceeding to inform the court of all known material facts to enable the tribunal to make an informed decision).

[11] *See also Lewis*, 142 So. 3d at 399-400 (¶¶9-12) (dismissing the plaintiffs' case for lack of diligence and good cause where the plaintiffs failed to serve the defendant within the 120-day time period and knew they were attempting to serve the wrong defendant).

16

informed of all the relevant facts, the circuit court provided Booth the opportunity to show good cause to support the court's prior grant of the second extension. *See Johnson*, 982 So. 2d at 414 (¶26) (finding no abuse of discretion in the trial court's voidance of its prior order granting a second extension for service of process since the court did not have all the material facts before it at the time it granted the second extension). However, the record supports the circuit court's determination that Booth, like the plaintiff in *Johnson*, failed to show good cause. *See id.* As a result, the circuit court set aside its previous order granting Booth the second time extension.

¶34. Upon review, we find the record contains substantial credible evidence to support the circuit court's finding that no good cause supported Booth's second request for an extension. We also acknowledge that the circuit court possessed the authority to control its own docket. *See id.* at (¶27). "It is critical to the trial court's power of control over its own docket and its ability to serve effectively all litigants that it maintain[s] control over progress of cases before it, including requests for extensions of time." *Id.* (citation omitted).

### III.    Statute of Limitations

¶35. The record reflects that Gardner, the decedent, died on February 9, 2012. The statute of limitations applicable to the wrongful-death lawsuit against the Defendants would have expired on April 10, 2014, but for being tolled by Booth's filing of the complaint on January 6, 2014. *See* Miss. Code Ann. § 15-1-36 (Rev. 2012). When the first 120-day extension granted to Booth by the circuit court expired on September 3, 2014, the limitations clock on

her claim began to run again. Therefore, the record reflects that Booth's initial extension had already expired when she served Dr. Dixon on September 9, 2014, and Dr. Williams and Southwest Surgical Specialists two days later on September 11, 2014.

¶36.    On October 8, 2014, Dr. Dixon filed a motion to dismiss Booth's complaint, and on October 13, 2014, the remaining codefendants filed a motion to join Dr. Dixon's dismissal motion. However, the initial 120-day extension Booth had obtained expired on September 3, 2014, prior to her serving the Defendants with process. The circuit court found that further extensions were not supported by good cause.

¶37.    Booth filed no response to the Defendants' motion to dismiss until January 22, 2015. Four days later, on January 26, 2015, the circuit court held a hearing on the Defendants' motion to dismiss. Upon hearing the parties' arguments on the motion to dismiss, the circuit court determined that Booth failed to show good cause to support her second extension request.[12] As a result, the circuit court found that the statute of limitations on Booth's claim began to run again on September 3, 2014, with only ninety-four days remaining. The record shows that the statute of limitations then expired on December 8, 2014.[13] Based on its conclusions that Booth failed to show good cause and that the statute of limitations had

---

[12] *See also Kingston*, 956 So. 2d at 1065 (¶11) (discussing the proof required to establish good cause).

[13] In calculating the statute of limitations with respect to this case, we must acknowledge that Booth's filing of the complaint against the Defendants tolled the two-year statute of limitations in this case for 120 days. *See Parmley v. Pringle*, 976 So. 2d 422, 424 (¶8) (Miss. Ct. App. 2008). Where an extension of time for service of process is granted, the statute of limitations continues to be tolled. *See id.*

18

expired, the circuit court granted the Defendants' motion and dismissed Booth's complaint with prejudice. As the record reflects, the circuit court entered its order on February 4, 2015, well after the expiration of the statute of limitations on December 8, 2014.

¶38. Upon review, we find no abuse of discretion by the circuit court in setting aside its prior order that erroneously granted Booth's second ex parte request for an extension for service of process. *See Buckner*, 61 So. 3d at 165 (¶12); *Long v. Mem'l Hosp. at Gulfport*, 969 So. 2d 35, 38 (¶5) (Miss. 2007); M.R.C.P. 4(h). Although we find that Booth was not required to show good cause to support her first extension, we find that she was required to show good cause to support her second extension. We therefore affirm the circuit court's dismissal of Booth's complaint with prejudice because the record contains substantial credible evidence to support the circuit court's finding that Booth failed to show good cause for her second requested extension.[14] We further find support for the circuit court's dismissal of Booth's complaint with prejudice since the record shows that the statute of limitations expired on December 8, 2014.

¶39. **THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

---

[14] *See Lucas v. Baptist Mem'l Hosp.-N. Miss. Inc.*, 997 So. 2d 226, 230 (¶8) (Miss. Ct. App. 2008) ("We review a trial court's determination of whether good cause 'exists on an abuse of discretion standard, deferring to the trial court when substantial evidence supports the determination.'" (quoting *Heard v. Remy*, 937 So. 2d 939, 944 (¶21) (Miss. 2006))). *See also Flowers*, 978 So. 2d at 1285 (¶13) ("[I]t is customary for an appellate court, in the interest of judicial economy, to affirm a decision of the circuit court that reached the right result, but for the wrong reason." (citing *Jackson*, 811 So. 2d at 342 (¶6))).

**LEE, C.J., GRIFFIS, P.J., ISHEE, FAIR AND GREENLEE, JJ., CONCUR. IRVING, P.J., BARNES AND WILSON, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**